UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ELLEN GREEN, DONOVAN GREEN, TERELLE GREEN,
HERBIE GONZALEZ, HYSHAWN JACKSON,
TEMESHIA GUMBY, and MAYLENE SANCHEZ,    **FIRST AMENDED**
                                                                                      **COMPLAINT**

                    Plaintiffs,                        14 CV 6048 (ENV) (CLP)

       -against-                                      **JURY TRIAL**
                                                                  **DEMANDED**

THE CITY OF NEW YORK,
DETECTIVE MICHAEL T. NOCERINO (TAX 937192),
SERGEANT DENISE RIVERA (TAX 937382), and
POLICE OFFICER BENJAMIN SOTO (TAX 926154)

                Defendants.
------------------------------------------------------------------------X

      Plaintiffs, Ellen Green, Donovan Green, Terelle Green, Herbie Gonzalez, Hyshawn Jackson, Tameshia Gumby, and Maylene Sanchez, by their attorneys, Reibman & Weiner, hereby allege for their Complaint as follows, upon information and belief:

## PARTIES, VENUE, and JURISDICTION

      1.    At all times hereinafter mentioned, plaintiffs were adult residents of Kings County, located within the City and State of New York.

      2.    At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

      3.    At all times hereinafter mentioned, defendant, Michael T. Nocerino, was a member of the NYPD, with the rank of Detective, employed, retained, trained and supervised by

New York City, and is sued herein in his individual and official capacities. Upon information and belief, Detective Nocerino is currently assigned to the Grand Larceny Division of the Detectives Bureau.

4. At all times hereinafter mentioned, defendant, Denise Rivera, was a member of the NYPD, with the rank of Sergeant, employed, retained, trained and supervised by New York City, and is sued herein in her individual and official capacities. Upon information and belief, defendant Rivera is currently assigned to the Transportation Bureau of the NYPD.

5. At all times hereinafter mentioned, defendant, Benjamin Soto, was a member of the NYPD, with the rank of Police Officer, employed, retained, trained and supervised by New York City, and is sued herein in his individual and official capacities. Upon information and belief, defendant Soto is currently assigned to Police Service Area 3, Housing Bureau, of the NYPD.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where the plaintiffs and defendant City of New York reside.

8. That plaintiffs timely served a Notices of Claims on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

9. At least thirty days have elapsed since service of plaintiffs' Notices of Claims and adjustment and payment thereof has been neglected or refused.

10. That the within action has been initiated within one year and ninety days of the accrual of plaintiffs' claims pursuant to New York State Law.

## RELEVANT FACTS

11. At approximately 11:00 p.m. on January 28, 2014 (the "date of the arrest"), all plaintiffs were lawfully present inside of 155 Siegel Street, Apartment 1B, in the County of Kings, City and State of New York (the "scene of the arrest").

12. At this time, plaintiffs Ellen Green and Donovan Green lived at this location.

13. At this time, defendants Nocerino, Rivera, and Soto, along with other members of the NYPD, kicked in the front door of the premises. The defendants then stormed into the premises, seizing the plaintiffs at gunpoint.

14. The defendants were not invited into the premises nor was their entry consented to by any of the plaintiffs, or any other individual authorized to so consent.

15. There were no exigent circumstances present that would permit defendants to enter the premises absent a warrant or invitation.

16. The defendants did not display a warrant to justify their entry into the premises and refused to produce one after the plaintiffs asked while the parties were inside the premises.

17. If indeed a warrant had issued, the plaintiffs contend that it could have only been procured on false or otherwise misleading information as none of the plaintiffs had engaged in activity which would have justified the procurement of a warrant by the defendants.

18. The defendants, specifically defendant Soto, procured the subject warrant in false or otherwise misleading information.

19. The plaintiffs were handcuffed and searched by the defendants, who then searched the premises.

20. The plaintiffs were transported to a local police precinct, where they were held for a number of hours.

21. Each of the plaintiffs except for Donovan Green were summarily released from the precinct without explanation and without being charged.

22. Plaintiff, Maylene Sanchez was handcuffed excessively tightly while in custody. She complained several times to the defendants and asked them to loosen the handcuffs, but they refused.

23. As a result of the excessively tight handcuffing, plaintiff, Maylene Sanchez, sustained bruising and pain to her wrists and hands.

24. Plaintiff, Tameshia Gumby, was subjected to excessive force by the defendants when they struck her on her leg. As a result, she sustained bruising and pain to her legs.

25. Plaintiff, Ellen Green, is a diabetic. She was subjected to excessive force by the defendants in her home at the scene of the arrest when the defendants threw her to the ground and at least one of defendants placed his knee on her neck. The defendants subjected her to further excessive force when they dragged her from room to room, causing her to sustain bruising, lacerations, and pain to her legs.

26. Plaintiff, Donovan Green, was transferred from the precinct to Kings County Central Booking where he was held for a number of hours before he was arraigned on a criminal complaint containing false allegations by defendant Nocerino.

27. Plaintiff, Donovan Green, was then released from custody with a future court date. He was improperly prosecuted for several months for unlawful possession of marijuana before the charges against him were dismissed when he acceded to an adjournment in contemplation of dismissal.

28. In support of the criminal complaint, defendant Nocerino made several false allegations, including but not limited to, the allegation that at the scene of the arrest "which was public, [Nocerino] observed [Donovan Green] in possession of a quantity of marijuana in that the informant recovered said marijuana from a room in the apartment the defendant was in, in plain view."

29. These and other allegations were false, contradictory on their face, and the individual defendants knew them to be false when they were made.

30. Specifically, N. Y. Penal Law § 240.00 defines "public place" as "a place to which the public or a substantial group of persons has access, and includes, but is not limited to, highways, transportation facilities, schools, places of amusement, parks, playgrounds, and hallways, lobbies and other portions of apartment houses and hotels not constituting rooms or apartments designed for actual residence."

31. Accordingly, by defendant Nocerino's own sworn allegations, he recovered marijuana from a room in plaintiff Donovan Green's home, which is not a "public place" within in the meaning of N. Y. Penal Law § 240.00.

32. Defendant Rivera also made several false allegations in support of the arrest reports for the plaintiffs, including, but not limited to, her allegation in plaintiff Terelle Green's arrest report that he was found to be in possession of a quantity of marijuana.

33. At no time did defendants have a legal basis to enter the premises or search anywhere within the premises, nor was it reasonable for the defendants to believe that such a basis existed.

34. At no time did defendants have probable cause to seize, detain or arrest any of the plaintiffs, nor was it reasonable for the defendants to believe that such cause existed.

35. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

36. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

37. Plaintiffs repeat the allegations contained in the foregoing paragraphs as though stated fully herein.

38. Defendants willfully and intentionally subjected plaintiffs to excessive force, and seized, searched, arrested and imprisoned plaintiffs without due cause, and without a reasonable basis to believe such cause existed.

39. Defendants willfully and intentionally subjected plaintiffs to excessive force by, amongst other things, arresting and/or detaining them without any probable cause, and by hitting, striking and punching the plaintiffs in the manner described above, which was not necessary under the circumstances, and without a reasonable basis to believe that the use of such force was necessary.

40. By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, excessive force, and unlawful searches of person and property, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution

41. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

## SECOND CAUSE OF ACTION

42. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

43. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

44. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

45. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrest.

46. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

47. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

    d. Retaliating against officers who report police misconduct; and

    e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

48. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c. *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

d. *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e. *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);
f. *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g. *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.)

h. *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207

i. *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j. *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k. *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l. *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

m. *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

n. *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o. *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p. *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

q. *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

r. *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s. *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

49. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

50. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

51. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

52. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

**THIRD CAUSE OF ACTION**

53. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

54. Plaintiffs were subjected to assault, battery, false arrest, excessive force, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

55. At no time did defendants have any legal basis for seizing or arresting plaintiffs, subjecting them to excessive force, or commencing criminal process against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

56. The individual and municipal defendants are therefore liable under New York law to plaintiffs for assault, battery, false arrest, excessive force, denial of due process and fair trial.

57. By reason thereof, defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

### DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

    i. On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    ii. On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

 iii. On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

 iv. On the Third Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

 v. Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

 vi. Such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
   February 23, 2015

                REIBMAN & WEINER

           By:    /s/
              Jessica Massimi (JM-2920)
              Attorneys for Plaintiffs
              26 Court Street, Suite 1808
              Brooklyn, New York 11242
              (718) 522-1743